**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE USA TECHNOLOGIES, INC. SECURITIES LITIGATION, | Master File No. 2:19-cv-04565-JHS |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (together with all Exhibits hereto, the "Stipulation"), dated as of May 29, 2020, which is entered into by and among (i) the Lead Plaintiff Pinkesh Nahar and Named Plaintiffs Peter Farsaci and University of Puerto Rico Retirement System ("Plaintiffs"), on behalf of themselves and on behalf of the Settlement Class (as defined herein), and (ii) Defendants USA Technologies, Inc. ("USAT" or the "Company"), Stephen Herbert, Priyanka Singh, Steven Barnhart, Joel Brooks, Robert Metzger, Albin Moschner, William Reilly, Jr., William Schoch, William Blair & Company, L.L.C., Craig-Hallum Capital Group LLC, Northland Securities, Inc., and Barrington Research Associates, Inc. ("Defendants"), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Parties[1] and is intended by the Parties to fully and finally release, resolve, and discharge the Released Claims against the Released Parties, subject to the approval of the United States District Court for the Eastern District of Pennsylvania, in exchange for a cash payment by, or on behalf of, USAT of fifteen million three hundred thousand dollars ($15,300,000.00).

---

[1] Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below or defined elsewhere throughout this Stipulation.

**WHEREAS:**

**A.    The Action**

This litigation was commenced on September 11, 2018 in the United States District Court for the District of New Jersey (the "NJ Court") styled as *Gouet v. USA Technologies, Inc., et. al.,* Case No. 2:18-cv-13759-CCC-CLW, alleging violations of the Securities Exchange Act of 1934 as against certain of the Defendants (Dkt. No. 1).

On September 13, 2018 and October 3, 2018, the related actions styled as *Gray v. USA Technologies, Inc, et. al.*, Case No. 2:18-cv-13860-SRC-CLW and as *Phillips* v. *USA Technologies, Inc. et al.,* Case No. 2:18-cv-14590-CCC-CLW, were respectively commenced against the same certain Defendants in the NJ Court.

After the filing of several competing motions seeking consolidation and appointment of lead plaintiff and counsel, on December 19, 2018, the NJ Court consolidated the related actions under the caption *In re USA Technologies, Inc. Securities Litigation*, Master File No. 2:18-cv-13759-CCC-CLW, and appointed Pinkesh Nahar as Lead Plaintiff and The Rosen Law Firm, P.A. as Lead Counsel (Dkt. No. 23) (the "Consolidation Order").

On January 22, 2019, the NJ Court entered a schedule for the filing of an amended complaint and Defendants' response thereto (Dkt. No. 33).

On January 22, 2019, Defendants USAT and Herbert filed a motion to transfer the Action to the United States District Court for the Eastern District of Pennsylvania (the "Court") (Dkt. No. 34). Lead Plaintiff filed his opposition to the motion to transfer on February 5, 2019 (Dkt. No. 38). The motion was fully briefed on February 13, 2019 (Dkt. No. 40). On September 30, 2019, the NJ Court granted the motion to transfer (Dkt. No. 49).

On August 12, 2019, the University of Puerto Rico Retirement System filed a complaint styled as *University of Puerto Rico Retirement System v. USA Technologies, Inc. et al.*, Case No. 2:19-cv-16597 (D.N.J.) which alleged violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act") and named each of the Defendants. Pursuant to the Consolidation Order, this case was consolidated into the already pending related action.

On October 18, 2019, the Hon. Joel H. Slomsky granted the Parties' stipulation for the filing of an amended complaint and Defendants' response thereto (Dkt. No. 64).

On November 20, 2019, Plaintiffs filed the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("Amended Complaint") (Dkt. No. 70).

Pursuant to the Court-ordered schedule, on February 3, 2020, Defendants filed four separate motions to dismiss the Amended Complaint (Dkt. Nos. 76-79).

With the motions to dismiss pending, the Parties participated in a mediation session with the Honorable Daniel Weinstein (ret.) of JAMS on February 27, 2020. Prior to the mediation session, the Parties prepared and exchanged detailed mediation statements. While the mediation did not immediately result in the resolution of the Action, it was very productive, leading the Parties to file on March 2, 2020, a Stipulation requesting the deadlines for Plaintiffs' opposition to the motions to dismiss be extended, given the advanced stages of settlement discussions (Dkt. No. 80). After further negotiations, with the assistance of Judge Weinstein, the Parties reached a settlement, subject to completion of further definitive documentation, that was memorialized in a March 24, 2020 Term Sheet.

This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action and to fully release all Released Claims against Defendants and the Released Parties

with prejudice in return for fifteen million three hundred thousand dollars ($15,300,000.00) cash consideration.

**B.      The Defendants' Denial of Wrongdoing and Liability**

Throughout the course of the Action and in this Stipulation, Defendants have denied and continue to deny each allegation of wrongdoing, fault, liability or damage whatsoever that has been asserted in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit and that the Action itself should not be certified as a class action for purposes of trial and adjudication of liability and damages. Defendants have not conceded or admitted any wrongdoing or liability, are not doing so by entering into this Stipulation, and disclaim any and all wrongdoing and liability whatsoever.

Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden and expense of further litigation and to put the Released Claims to rest finally and forever. Nothing in this Stipulation shall be construed as or deemed evidence supporting an admission by either Defendants or any of the Released Parties with respect to any of Plaintiffs' allegations or claims, or of any wrongdoing, fault, liability or damages whatsoever.

**C.      Claims of Plaintiffs and Benefits of Settlement**

Plaintiffs believe that the claims asserted in the Action have merit. Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation. In particular, Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, motion for class certification, motion for summary judgment, and

trial. Plaintiffs have also considered the financial condition of USAT and the other Defendants, as well as Defendants' ability to discharge a larger judgment after trial and the exhaustion of all appeals. Plaintiffs also considered the depletion of Defendants' directors and officers and other liability insurance policies that would result from continued litigation. Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs (on behalf of themselves and each of the Settlement Class Members) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court, in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed fully, finally and with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

1. **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1.    "Action" means the consolidated putative class action captioned *In re USA Technologies, Inc. Securities Litigation,* Case No. 2:19-cv-04565-JHS (E.D. Pa.).

1.2.    "Additional Counsel" means counsel for the Securities Act Subclass, Wolf Popper LLP.

1.3.    "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the

terms of the Settlement. Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing, and/or emailing of the Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund (as defined in paragraph 7.2) to the Authorized Claimants. Such costs do not include legal fees.

      **1.4.**    "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

      **1.5.**    "Award to Plaintiffs" means the requested reimbursement to Lead Plaintiff and Named Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to Plaintiffs' representation of the Settlement Class in the Action.

      **1.6.**    "Board Defendants" means Steven Barnhart, Joel Brooks, Robert Metzger, Albin Moschner, William Reilly, Jr., and William Schoch.

      **1.7.**    "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the Commonwealth of Pennsylvania.

      **1.8.**    "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

      **1.9.**    "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, actions, causes of action and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages, whether compensatory, special, incidental, consequential, punitive, exemplary or

otherwise, injunctive relief, declaratory relief, rescission or recissory damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

**1.10.**    "Claims Administrator" means Strategic Claims Services ("SCS"), which shall administer the Settlement.

**1.11.**    "Defendants" means USA Technologies, Inc., Stephen Herbert, Priyanka Singh, Steven Barnhart, Joel Brooks, Robert Metzger, Albin Moschner, William Reilly, Jr., William Schoch, William Blair & Company, L.L.C., Craig-Hallum Capital Group LLC, Northland Securities, Inc., and Barrington Research Associates, Inc.

**1.12.**    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

**1.13.**    The "Escrow Agent" is SCS or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

**1.14.**    "Effective Date" shall have the meaning set forth in ¶ 10.3 of this Stipulation.

**1.15.**    "Final" when referring to the Judgment means after exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Judgment, and (ii) if an appeal or request for review is filed, the day after the date all appeals or requests for review are dismissed, or the judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise.

**1.16.** "Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as Exhibit B.

**1.17.** "Insurer(s)" means the insurers under director and officer liability policies under which USAT, Officer Defendants and Board Defendants were covered, for the period August 22, 2017 through February 6, 2019.

**1.18.** "Investment Vehicle" means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, funds of funds and hedge funds, in which any of the Underwriter Defendants have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with its respective affiliates is not a majority owner or does not hold a majority beneficial interest. This definition of Investment Vehicle does not bring into the Settlement Class any of the Underwriter Defendants themselves.

**1.19.** "Lead Plaintiff" means Pinkesh Nahar as identified in the Order Consolidating Related Actions, Appointing Lead Plaintiff and Lead Counsel (Dkt. No. 23).

**1.20.** "Lead Counsel" means The Rosen Law Firm, P.A.

**1.21.** "Named Plaintiffs" means Peter Farsaci and the University of Puerto Rico Retirement System.

**1.22.** "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

**1.23.**    "Officer Defendants" means Stephen Herbert and Priyanka Singh.

**1.24.**    "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

**1.25.**    "Parties" means the Plaintiffs and Defendants.

**1.26.**    "Person" means an individual, corporation, firm, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity or organization, and any Person's spouses, marital communities, heirs, predecessors, successors, representatives, or assigns.

**1.27.**    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes and Tax Expenses (as defined in ¶ 4.1 below), and such attorneys' fees, costs, and expenses as may be awarded by the Court.

**1.28.**    "Plaintiffs" means Lead Plaintiff Pinkesh Nahar and Named Plaintiffs Peter Farsaci and University of Puerto Rico Retirement System.

**1.29.**    "Plaintiffs' Counsel" means The Rosen Law Firm, P.A. and Wolf Popper LLP.

**1.30.**    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

**1.31.**    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

**1.32.**  "Related Parties" means, with respect to each Released Party, the immediate family members, marital communities, heirs, executors, trustees, administrators, successors, assigns, and present and former employees, officers, directors, attorneys, assigns, legal representatives, contractors, accountants, insurers, reinsurers, managers, and agents of each of them, and any person or entity which is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present, former and future direct and indirect parents, subsidiaries, divisions, affiliates, predecessors, successors, and the present and former employees, officers, directors, attorneys, assigns, legal representatives, contractors, accountants, insurers, reinsurers, managers, and agents of each of them.

**1.33.**  "Released Claims" means and includes any and all Claims (including Unknown Claims as defined in ¶ 1.44), demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, equitable relief, restitution, rescission, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever), whether based on federal, state, local, statutory, common law, equity or any other law, rule or regulation, whether known or unknown, contingent or absolute, mature or immature, discoverable or undiscoverable, whether concealed or hidden, suspected or unsuspected, which now exist, or heretofore have existed, asserted or that could have been asserted by or on behalf of any of the Releasing Parties, in any capacity, arising out of or relating to, directly or indirectly, the purchase or sale or other acquisition or disposition or holding of the Company securities during the Class Period and the acts, facts, statements, or omissions that were or could have been alleged by Plaintiffs in the Action. For the avoidance of doubt, the term "Released Claims" does not include: (i) claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement; or (ii) any Claims between or among

Defendants, including but not limited to Claims by any Defendant, whether brought directly or derivatively, against any of his, her or its Related Parties, including Insurers, or by any Defendant, whether brought directly or derivatively, against any other Defendant or his, her or its Related Parties, including Insurers.

1.34.    "Released Parties" means (i) USAT and its past or present subsidiaries, parents, affiliates, successors, predecessors, shareholders, creditors, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys, contractors, agents, and any firm, trust, corporation or other Person in which it has a controlling interest; (ii) Officer Defendants and Board Defendants, and each of their immediate family members, marital communities, heirs, representatives, administrators, executors, devisees, legatees, estates, assigns, insurers, reinsurers, attorneys, and any firm, trust, corporation or other Person in which an Officer Defendant or Board Defendant has a controlling interest; (iii) Underwriter Defendants and any and all of their past or present subsidiaries, parents, affiliates, successors, predecessors, shareholders, creditors, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys, contractors, agents, and any firm, trust, corporation or other Person in which it has a controlling interest; and (iv) Plaintiffs and Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, marital communities, heirs, representatives, administrators, executors, devisees, legatees, and estates.

1.35.    "Releasing Parties" means jointly and severally, individually and collectively, Plaintiffs, each and every Settlement Class Member, each of their respective immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, attorneys, insurers, predecessors, successors, assigns, associates, affiliates, officers, directors, legal representatives, and agents of each of

them, and all present, former and future direct and indirect parent entities, subsidiaries, predecessors, and successors, and each of their respective officers, directors, attorneys, legal representatives, and agents, and any Person or entity which is or was related to or affiliated with any Releasing Party or in which any Releasing Party has a controlling interest, and each of their respective immediate family members, heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, representatives, trustees, devisees, legatees, estates, attorneys, insurers, predecessors, successors, assigns, associates, affiliates, officers, directors, legal representatives, and agents.

**1.36.** "Settlement" means the settlement contemplated by this Stipulation.

**1.37.** "Settlement Amount" means the sum of fifteen million three hundred thousand dollars ($15,300,000.00). The Settlement Amount includes all Administrative Costs, Plaintiffs' Counsel's attorneys' fees and expenses (as allowed by the Court), Award to Plaintiffs (as allowed by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

**1.38.** "Settlement Class" means all persons, entities and Investment Vehicles, other than Defendants and their affiliates, who purchased or otherwise acquired USAT common stock from August 22, 2017 through February 6, 2019, both dates inclusive, seeking to recover compensable damages caused by USAT's and the Officer Defendants' purported violations of the Securities Exchange Act of 1934 ("Exchange Act Class"); and a subclass consisting of all persons, entities and Investment Vehicles who purchased USAT common stock in or traceable to the Company's May 23, 2018 follow-on public offering pursuant to the Company's Registration Statement and Prospectus issued in connection with that offering, seeking to recover compensable damages caused by Defendants' purported violations of the Securities Act of 1933 ("Securities Act

Subclass"). Excluded from the Exchange Act Class and Securities Act Subclass are Defendants, the present and former officers and directors of USAT at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a majority interest. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Court's Preliminary Approval Order.

1.39.    "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.40.    "Settlement Class Period" means the period from August 22, 2017 through February 6, 2019, both dates inclusive.

1.41.    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.42.    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

1.43.    "Underwriter Defendants" means William Blair & Company, L.L.C., Craig-Hallum Capital Group LLC, Northland Securities, Inc., and Barrington Research Associates, Inc.

1.44.    "Unknown Claims" means and includes any and all claims that one or more Releasing Parties does not know or suspect to exist in their favor at the time of the release of the Released Parties. This includes claims which, if known by him, her or it, might have affected their settlement with and release of the Released Parties, or might have affected their decision(s) with respect to the Settlement and the Released Claims, including their decision to object or not to

object to this Settlement. The Parties and the Releasing Parties, by operation of the Judgment shall be deemed to, expressly acknowledge that he, she, it or they shall have, and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Plaintiffs, Releasing Parties, or Released Parties may hereafter discover facts, legal theories, or authorities in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Defendants expressly, fully, finally, and forever settle and release, and each other Releasing Party and Released Party shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Parties expressly acknowledge, and each other Releasing Party and Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and a material element of the Settlement.

1.45.    "USAT Defendants" means USA Technologies, Inc., Stephen Herbert, Priyanka Singh, Steven Barnhart, Joel Brooks, Robert Metzger, Albin Moschner, William Reilly, Jr., and William Schoch.

2.    **The Settlement Consideration**

2.1.    In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, USAT and/or its Insurer(s) shall (subject to the provisions of ¶ 10.1), within twenty-one (21) calendar days after the Court has entered the Preliminary Approval Order in a form that is not materially different from the form attached hereto as Exhibit A, make a payment of fifteen million three hundred thousand dollars ($15,300,000.00) by wire transfer or check to the Escrow Account, provided that Lead Counsel or the Escrow Agent has provided Defendants' counsel with complete wire transfer information and instructions and a completed Form W-9 at least fourteen (14) business days prior to the date of such payment.

2.2.    Under no circumstances will Defendants or their Insurer(s) be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of Administrative Costs, as payment of attorneys' fees and expenses awarded by the Court, in payment of any fees or expenses incurred by any Settlement Class Member or Plaintiffs' Counsel, or as interest on the Settlement Amount of any kind and relating to any time period (including prior to the payment of the Settlement Amount into the Escrow Account).

3.    **Handling and Disbursement of Funds by the Escrow Agent**

3.1.    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

   (a)    As provided in ¶ 3.4 below;

   (b)    As provided in ¶ 8.2 below;

   (c)    As provided in ¶ 10.9 below, if applicable; and

      **(d)**     To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund. Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior Order of the Court.

      **3.2.**     The Escrow Agent shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Parties and the Insurer(s). Defendants, their counsel, their Insurer(s) and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

      **3.3.**     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

      **3.4.**     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from Defendants or the Court, disburse at the direction of Lead Counsel up to $275,000.00 (Two Hundred Seventy Five Thousand U.S. Dollars) from the Settlement Fund to pay Administrative Costs, of which no more than $150,000.00 (One Hundred Fifty Thousand U.S. Dollars) may be disbursed before the Effective Date.

**4.      Taxes**

**4.1.**      The Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel or its designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**(a)**      For purposes of § 1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or their designee. Lead Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

**(b)**      All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their Insurer(s) with respect to any income earned by the Settlement Fund for any period during which the Settlement

Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate. Defendants, their counsel, their Insurer(s) and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation § 1.468B-2(1)(2)). Defendants, their counsel, their Insurer(s) and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to the foregoing provided in this ¶ 4.1. The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶ 4.1.

### 5.    Preliminary Approval Order, Notice Order, and Settlement Hearing

**5.1.**    As soon as practicable after execution of this Stipulation, Lead Counsel shall submit this Stipulation and its exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of a preliminary approval order, and approval for the dissemination of notice. The Preliminary Approval Order to be submitted to the Court shall

contain the exhibits substantially in the form set forth in: (i) the Notice (Exhibit A-1); (ii) the Proof of Claim (Exhibit A-2); (c) the Summary Notice (Exhibit A-3) and (d) the Postcard Notice (Exhibit A-4). The Notice shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and shall set forth the procedure by which recipients of the Notice may object to the Settlement, Plaintiffs' Counsel's Fee and Expense Application (as defined in ¶ 8.1), the Award to Plaintiffs or the Plan of Allocation or request to be excluded from the Settlement Class. The date and time of the Settlement Hearing shall be added to the Notice, Summary Notice and Postcard Notice before they are disseminated or otherwise provided to Settlement Class Members. Defendants shall not object to, or have any responsibility for, Lead Counsel's proposed Plan of Allocation.

**5.2.**    At the time of the submission described in ¶ 5.1 hereof, the Parties, through their counsel, shall jointly request that, after the Notice is provided and the Settlement Class Members are notified of the Settlement, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**6.        Releases and Covenants Not To Sue**

**6.1.**        Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims,

and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Judgment.

6.2.        Upon the Effective Date, Defendants, on behalf of themselves and their Related Parties, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Settlement Class Members, Plaintiffs' Counsel, and their Related Parties from all Claims, whether known or unknown, which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action, and shall be permanently enjoined from prosecuting such claims against Plaintiffs, Settlement Class Members, Plaintiffs' Counsel, and their Related Parties. Nothing contained herein shall bar the Defendants or their Related Parties from bringing any action or claim to enforce the terms of this Stipulation or the Judgment.

6.3.        For the avoidance of doubt, nothing contained herein shall bar any derivative claims on behalf of any Defendant or bar any Defendant from bringing any claim, directly or derivatively, against any of its Related Parties, including Insurers, or against any other Defendant or that Defendant's Related Parties, including Insurers.

**7.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

7.1.    Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by

Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

**7.2.**    The Settlement Fund shall be applied as follows:

**(a)**    To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

**(b)**    To pay Administrative Costs;

**(c)**    To pay Plaintiffs' Counsel attorneys' fees with interest and expenses and the Award to Plaintiffs (the "Fee and Expense Award"), to the extent allowed by the Court; and

**(d)**    To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), plus accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

**7.3.**    Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

**7.4.**    This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Judgment becomes Final, no portion of the Settlement Fund will be returned to USAT or the Insurer(s). Defendants, their counsel, their Insurer(s) and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Lead Counsel based on

distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5.    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

7.6.    No later than seven (7) calendar days after the date of entry of the Preliminary Approval Order, the Company, at no cost to Plaintiffs or Plaintiffs' Counsel, shall provide and/or cause its transfer agent to provide to Plaintiffs' Counsel a list of the record owners of USAT common stock in the Exchange Act Class and the Securities Act Subclass in a usable electronic format, such as an Excel spreadsheet ("Settlement Class Information"). If in the transfer agent's possession, the Settlement Class Information should include email addresses of record owners of USAT common stock in the Exchange Act Class and the Securities Act Subclass. The Parties acknowledge that any information provided to Plaintiffs' Counsel by the Company pursuant to this paragraph shall be treated as confidential and will be used by Plaintiffs' Counsel and the Claims

Administrator solely to disseminate notice, apprise Settlement Class Members of the Settlement, and/or implement the Settlement.

7.7.    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six months after such second distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Lead Counsel, with the approval of the Court.

## 8.    Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses

8.1.    Plaintiffs' Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Plaintiffs' Counsel for: (i) an award of attorneys' fees with interest from the Settlement Fund; (ii) reimbursement of actual costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) the Award to Plaintiffs. Defendants shall take no position with respect to the Fee and Expense Application(s).

**8.2.**    Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Plaintiffs' Counsel from the Settlement Fund within three (3) Business Days after the date the Court enters the Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Judgment. In the event that the Effective Date does not occur, or the Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Plaintiffs' Counsel shall be obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Judgment with respect to the fee and expense award, including accrued interest at the same rate as is earned by the Settlement Fund. Plaintiffs' Counsel agree that the law firms and their partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and shall be liable for repayment of all attorneys' fees and expenses awarded by the Court. Furthermore, without limitation, Plaintiffs' Counsel agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against the firms should they fail timely to repay fees and expenses pursuant to this paragraph. Any Award to Plaintiffs shall not be paid from the Settlement Fund until after the Effective Date.  All payments to Plaintiffs' Counsel required to be paid back shall be paid back on a pro rata basis based on how such fees and expenses were allocated amongst Plaintiffs' Counsel.

**8.3.**    The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to

be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or proceeding relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation

8.4.     Any award of attorneys' fees and interest and/or expenses to Plaintiffs' Counsel and any Award to Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly. No Defendant shall have any responsibility for payment of Plaintiffs' Counsel's attorneys' fees and interest, expenses or other awards to Plaintiffs beyond the obligation of Defendants to cause the funding of the Settlement Amount as set forth in ¶ 2.1 above. After the funding of the Settlement Amount as set forth in ¶ 2.1 above, the Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Plaintiffs' Counsel, Plaintiffs, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

9.     **Class Certification**

9.1.     In the Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Judgment does not become Final or the Settlement fails to become effective for any reason, all Parties reserve all their rights on all issues, including class certification. For purposes of this settlement only, in connection with the Judgment, Defendants shall consent to (i) the appointment of Plaintiffs as the class representatives, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**10.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

**10.1.**  Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of their or its election to do so ("Termination Notice") to all other Parties within seven (7) business days of:

       (i)     entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

       (ii)     entry of a Court order refusing to approve this Stipulation in any material respect;

       (iii)     entry of a Court order declining to enter the Judgment in any material respect;

       (iv)     entry of a Court order refusing to dismiss the Action with prejudice;

       (v)     entry of an order by which the Judgment is modified or reversed in any material respect;

       (vi)     failure on the part of any Party to abide, in any material respect, with the terms of this Stipulation.

In the absence of any of the events enumerated in this paragraph or in paragraphs ¶ 10.2, ¶ 10.5, or ¶ 10.6, no Party shall have the right to terminate the Stipulation for any reason.

**10.2.**  If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants, shall have the right to: (a) terminate the Settlement; or (b) reduce the Settlement Amount to a judgment against USAT only and enforce the judgment solely against USAT.

**10.3.**  The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

**(a)**        Defendants have not exercised their option to terminate the Settlement pursuant to ¶ 10.5;

**(b)**        The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

**(c)**        The sum of fifteen million three hundred thousand dollars ($15,300,000.00) has been paid into the Escrow Account, as set forth in ¶ 2.1 above;

**(d)**        The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Judgment;

**(e)**        The Judgment has become Final as defined in ¶ 1.15; and

**(f)**        The Action has been dismissed with prejudice.

10.4.    Upon the occurrence of the Effective Date, any and all interest or right of Defendants or the Insurer(s) in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

10.5.    If prior to Judgment, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased securities during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the Parties (the "Supplemental Agreement"), then the USAT Defendants shall each have, in her, his or its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter the "Supplemental Termination Option"). The Supplemental Agreement shall not be

filed with the Court unless and until a dispute among the Parties concerning its interpretation or application arises.

**10.6.**    The USAT Defendants shall not have the right to terminate the Stipulation based on any failure of USAT or its Insurer(s) to fund the Settlement Amount pursuant to ¶ 2.1 (other than if the Settlement Amount is not paid because the Preliminary Approval Order entered by the Court is materially different from the form attached hereto as Exhibit A or the Settlement and Stipulation is terminated pursuant to ¶ 10.1 before payment of the Settlement Amount is due under ¶ 2.1). None of the Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein. If any Defendant materially breaches the terms hereof, any Plaintiff, provided he or it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.  Likewise, if any Plaintiff materially breaches the terms hereof, any Defendant, provided he, she or it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Parties.

**10.7.**    In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Parties shall be restored to their respective positions in the Action immediately prior to March 24, 2020, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action, including class certification, shall be preserved without prejudice.

**10.8.**    In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Parties and shall not be used in the

Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

**10.9.**     In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) shall be refunded by the Escrow Agent to the Insurer(s) and/or USAT, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from USAT. At the request of USAT, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to USAT or the Insurer(s) pursuant to written direction from USAT.

**10.10.**   No order of the Court (or modification or reversal on appeal of any order of the Court) concerning the Plan of Allocation, the Award to Plaintiffs, or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

### 11.    No Admission of Liability or Wrongdoing

**11.1.**   The Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission, presumption or concession by any Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or that have been or could have been asserted in the Action, or in any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or that have been or could have been asserted in any such action or proceeding.

This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Party, Settlement Class Member, or any of the Released Parties, or any damages or injury to any Party, Settlement Class Member, or any Released Parties. Neither this Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of any Defendant or any Released Party, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Defendants or Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Defendants or Released Parties or any injury or damages to any Person or entity, or (b) shall otherwise be admissible, referred to or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that the Stipulation or the Supplemental Agreement or the Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Judgment, or as otherwise required by law.

### 12.    **Miscellaneous Provisions**

**12.1.**    USAT warrants that, as to the payments made or to be made by it or by its Insurer(s) on behalf of Defendants, at the time of entering into this Stipulation and at the time of such payment it and, to its knowledge, without independent investigation of the Insurer(s), any

persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on their behalf render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by USAT and not by its counsel.

12.2.    For the avoidance of doubt, and notwithstanding any other provisions of this Stipulation that could otherwise be construed or argued to impose such obligations or liabilities, this Stipulation does not impose on the Officer Defendants, Board Defendants or Underwriter Defendants: (a) any obligation to pay the Settlement Amount, or any part thereof, or (b) any liability to Plaintiffs or any other Settlement Class Members to pay damages for or in connection with any alleged breach of this Stipulation in the event that the Settlement Amount or any part thereof, has not been paid in the time period provided for herein.

12.3.    Except in the event of the termination pursuant to ¶¶ 10.1, 10.2, 10.5 or 10.6 of this Stipulation or in accordance with the Parties' Supplemental Agreement, the Parties shall take all actions necessary to consummate this Stipulation; and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation.

12.4.    The Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

12.5.    Each of the attorneys executing this Stipulation, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Party he or she represents.

12.6.    Plaintiffs and Plaintiffs' Counsel represent and warrant that Plaintiffs are Settlement Class Members and none of Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

12.7.    This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Parties related to the Settlement and supersedes any prior agreements. No representations, warranties, promises, inducements or other statements have been made to or relied upon by any Party concerning this Stipulation, other than the representations, warranties and covenants expressly set forth herein and in the Supplemental Agreement. Plaintiffs on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation. In entering this Stipulation, the Parties relied solely upon their own knowledge and investigation. Except as otherwise provided herein, each Party shall bear its own costs.

12.8.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their counsel or their respective successors in interest.

12.9.    This Stipulation shall be binding upon, and shall inure to the benefit of, the Parties and their respective agents, successors, executors, heirs, and assigns.

12.10.    The Released Parties who are not Parties hereto and do not appear on the signature lines below, are acknowledged and agreed to be intended third party beneficiaries of this Stipulation and Settlement, including the Releases in this Stipulation.  Each Released Party has

standing to enforce the relevant Releases in this Stipulation, and may file this Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**12.11.**  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.12.**  This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document. Copies of this Stipulation executed in counterpart shall constitute one agreement.

**12.13.**  This Stipulation, the Settlement, the Supplemental Agreement and any and all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania without regard to conflict of laws principles.

**12.14.**  The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

**12.15.**  The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

**12.16.**  Plaintiffs, Plaintiffs' Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that: (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the subject matter of this Action against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of this Action, and (c) they will not disclose any confidential matters related to this Action, the mediation or the Settlement to anyone.

**12.17.**  All agreements by, between or among the Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

**12.18.**  The Parties shall not assert or pursue any action, claim or rights that any Party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with this Action, the Settlement, the Stipulation or the Supplemental Agreement. The Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.

**12.19.**  Any failure by any of the Parties to insist upon the strict performance by any other Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to

insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Parties to this Stipulation.

**12.20.** The waiver, express or implied, by any Party of any breach or default by any other Party in the performance of such Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**12.21.** The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: May 29, 2020                    **THE ROSEN LAW FIRM, P.A.**

By: _____
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.cm
Email: pkim@rosenlegal.com

Leah Heifetz-Li
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Email: lheifetz@rosenlegal.com
Email: jgoldberg@rosenlegal.com

**WOLF POPPER LLP**
Robert C. Finkel
Chet B. Waldman
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Email: rfinkel@wolfpopper.com
Email: cwaldman@wolfpopper.com

*Counsel for Securities Act Subclass*

Dated: ~~April~~ May 28, 2020

**BALLARD SPAHR LLP**

By: _____
M. Norman Goldberger
Laura E. Krabill
John C. Grugan
Kahlil C. Williams
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500

*Counsel for Defendants USA Technologies, Inc.
and Stephen P. Herbert*

Dated: April _____, 2020

**FOX ROTHSCHILD LLP**

By: _____
Abraham C. Reich
Gerald E. Arth
Nathan Huddell
2000 Market Street, 20th Floor
Philadelphia PA 19103
Phone: (215) 299-2765
Fax: (215) 299-2150

*Counsel for Defendants Steven D. Barnhart, Joel
Brooks, Robert L. Metzger, Albin F. Moschner,
William J. Reilly, Jr., and William Schoch*

-36-

**WOLF POPPER LLP**
Robert C. Finkel
Chet B. Waldman
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Email: rfinkel@wolfpopper.com
Email: cwaldman@wolfpopper.com

*Counsel for Securities Act Subclass*

Dated: April ____, 2020                **BALLARD SPAHR LLP**

By: _____
M. Norman Goldberger
Laura E. Krabill
John C. Grugan
Kahlil C. Williams
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500

*Counsel for Defendants USA Technologies, Inc.
and Stephen P. Herbert*

Dated: ~~April~~ *MAY 19*, 2020          **FOX ROTHSCHILD LLP**

By: _____
Abraham C. Reich
Gerald E. Arth
Nathan Huddell
2000 Market Street, 20th Floor
Philadelphia PA 19103
Phone: (215) 299-2765
Fax: (215) 299-2150

*Counsel for Defendants Steven D. Barnhart, Joel
Brooks, Robert L. Metzger, Albin F. Moschner,
William J. Reilly, Jr., and William Schoch*

Dated:  April _____, 2020

**BAKER & HOSTETLER LLP**

By: _____
Douglas W. Greene
Jimmy Fokas ✓
Bari R. Nadworny
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200

**BAKER & HOSTETLER LLP**
Carl W. Hittinger
Tyson Y. Herrold
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Telephone: (215) 568-3100

*Counsel for Defendant Priyanka Singh*

Dated:  April _____, 2020

**MORGAN, LEWIS & BOCKIUS LLP**

By: _____
Marc J. Sonnenfeld
Laura H. McNally
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Fax: (215) 963-5001

*Counsel for William Blair & Company, L.L.C.,
Craig-Hallum Capital Group LLC, Northland
Securities, Inc., and Barrington Research
Associates, Inc.*

Dated:  April _____, 2020

**BAKER & HOSTETLER LLP**

By: _____

Douglas W. Greene
Jimmy Fokas
Bari R. Nadworny
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200

**BAKER & HOSTETLER LLP**

Carl W. Hittinger
Tyson Y. Herrold
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Telephone: (215) 568-3100

*Counsel for Defendant Priyanka Singh*

Dated:  May 18, 2020

**MORGAN, LEWIS & BOCKIUS LLP**

By: _____

Marc J. Sonnenfeld
Laura H. McNally
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Fax: (215) 963-5001

*Counsel for William Blair & Company, L.L.C.,*
*Craig-Hallum Capital Group LLC, Northland*
*Securities, Inc., and Barrington Research*
*Associates, Inc.*